Dickman, J.
This case comes before us lipón a petition in error, to reverse the judgment of the district court affirming a judgment of the court of common pleas in favor of the plaintiff, in an action wherein Zelora Fleming, an infant by his next friend Silas W. Coble was plaintiff, and Benjamin Weybright was defendant. In the original petition, it was alleged, that the defendant was the owner and in possession of a heavily loaded wagon drawn by two horses, which by himself and his servant he managed so carelessly and negligently, as to cause the plaintiff, an infant aged four years, to be thrown with great violence from the brake of the wagon upon the ground, and to be run over by the wagon, whereby his right leg was broken and his person in other respects greatly bruised and wounded, and his health and strength permanently impaired. The plaintiff further alleged, that there was no negligence or carelessness on his part; that from the injuries he received he became and was sick for seventeen weeks, and suffered great bodily pain, and was forced to expend a large sum of money in endeavoiing to be cured of his pain and injuries; that notwithstanding his said endeavors, he still remained and would continue to remain a cripple for life — the result of the defendant’s carelessness and negligence.
The defendant denied each and every allegation in the plaintiff’s petition, except that the plaintiff was hurt and injured. Upon the trial in the court of common pleas, the *55 jury rendered a verdict for the plaintiff, and assessed his damages in the sum of twenty-five hundred dollars, upon which judgment was entered.
Among the material facts in dispute before the jury, were the facts that the plaintiff had been crippled for life, that his health and strength had been permanently impaired, and that he would not consequently be able to perform man ual labor in the future as well as he would if the accident bad not occurred.
These facts the court virtually assumed to exist, and accordingly gave in charge to the jury, the following instructions:
“You may allow him (the plaintiff) for all the injuries and damages he has sustained, taking into consideration the expenses necessarily attending his illness and clisabilitj'-, for the services of physicians and others, and all other necessary expenses, the physical pain endured by.him and yet to be endured, the mental suffering arising necessarily out of his brooding over and dwelling upon the injury received, and its effect upon his future health and prospects; the effect of his injuries in the future; in depriving him of the use of his crippled limb; his certain inability to labor and attend to his affairs, and generally to pursue the course of life he might have done except for this disability, growing out of the defendant’s negligence. The plaintiff may recover, not only the amount of damage which he suffered prior to the commencement of the action, but-also all the damage, proceeding continuously from the injury complained of, either in body or in mind, which he has suffered up to the verdict, and which it is reasonably certain, that he will suffer in the future, naturally and necessarily arising from the injury received by him.”
In thus charging the jury we are of opinion that the court erred, and that the charge was prejudicial to the plaintiff in error.
Without intimating an intention on the part of the court *56 to bias the jury, we are constrained to the belief, that the aforegoing portion of the charge, alone and in connection with the remainder thereof, tended to mislead and bias the jury in favor of the plaintiff, and to impress upon them as proven, material facts in the case that were in dispute.
It is contended by the defendant in error, that the exception by the defendant to the charge of the court was a general one, and therefore not sufficient. The exception it is true was not special. But the record shows, that a motion for a new trial was made on the ground that the verdict was against the law and the evidence, and that the overruling of that motion’was assigned for error; and that all the evidence offered on the trial, together with the charge of the court, has been properly brought up by a bill of exceptions. When such is the case, a reviewing court will, in connection with the evidence, look to the chaz-ge of the court, whether excepted to or not; and if there is reason .to believe that the verdict was the result of erroneous instructions, will reverse the judgment and award a new trial. Baker v. Pendergast, 32 Ohio St., 494, approved and followed.

Judgments reversed, and cause remanded.